```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
HASHAN M. MANNAN

                    Plaintiff,
                                              ORDER
        v.
                                          17-CV-6800 (KAM)
SOCIAL SECURITY ADMINISTRATION,

                    Defendant.
----------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

On November 16, 2017, Hashan M. Mannan ("Plaintiff") filed this *pro se* social security appeal against the Social Security Administration ("Defendant"). (ECF No. 1, Complaint.) The Court granted Plaintiff's request to proceed *in forma pauperis* (ECF No. 2) by Order dated April 26, 2018. Since then, Plaintiff has taken no further action. Plaintiff's case is therefore dismissed, without prejudice, for failure to prosecute and comply with Court orders.

Pursuant to a Court Order dated July 26, 2018, on August 23, 2018, Defendant served its motion for judgment on the pleadings on Plaintiff. (ECF No. 9, Service Letter.) Pursuant to the briefing schedule set by the Court, Plaintiff was to serve his opposition or cross-motion for judgment on the pleadings within sixty (60) days of receiving Defendant's motion, which would have been no later than October 23, 2018. (*See* ECF No. 4, Scheduling Order.) Plaintiff did not file, or

1

request an extension of time to file, his opposition or cross-motion for judgment on the pleadings.  (*See* ECF No. 13, Letter from Defendant.)

On May 30, 2019, the Court entered an order directing the parties to file a joint status letter informing the Court whether Plaintiff wished to proceed with the action by June 7, 2019.  (ECF Dkt. Order, May 30, 2019.)  On June 10, 2019, Defendant filed a letter in response to the Court's order.  (ECF No. 11, Status Letter.)  Defendant represented that it "attempted to contact *pro se* plaintiff by telephone . . . , however, there was no answer, and after approximately 10 rings, the call dropped without the opportunity to leave a voice mail message."  (*Id.*)

By Order dated March 10, 2020, the Court requested that Defendant inform the Court whether Plaintiff had responded to the motion for judgment on the pleadings.  By letter dated March 12, 2020, Defendant stated that Plaintiff had not served a response (ECF No. 13), and the docket reflects that Plaintiff neither filed a motion nor opposed Defendant's motion. On March 20, 2020, the court issued an Order to Show Cause directing Plaintiff to respond by April 20, 2020.  (ECF No. 15, Order to Show Cause.)  The Clerk of Court served the Order on Plaintiff by mail at his last known address.  The Order stated that if Plaintiff "fails to show cause, or file an opposition or cross-

2

motion [by April 20, 2020], this action will be dismissed, without prejudice." (*Id*. at 6.)  The Court has not received a response from Plaintiff.

"Although not explicitly authorized by Rule 41(b) [of the Federal Rules of Civil Procedure], a court may dismiss a complaint for failure to prosecute *sua sponte*." *Zappin v. Doyle*, 756 F. App'x 110, 111-12 (2d Cir. 2019).  A court considering whether to dismiss an action for failure to prosecute must weigh the following factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.  No single factor is generally dispositive.

*Id*. at 112.  The factors here favor dismissal of Plaintiff's complaint.

*First*, Plaintiff has taken no action to prosecute his case beyond filing his complaint in November 2017, over two years ago, and he has not respondent to Defendant's motion for judgment on the pleadings, which was served in August 2018. *See, e.g., Ortega v. Apfel*, 5 F. App'x 96, 97 (2d Cir. 2001) (affirming dismissal for failure to prosecute when "[t]he record reveal[ed] that, beyond filing his complaint . . . , [plaintiff] took no action to prosecute his case").

3

*Second*, the Court's March 20, 2020 Order to Show Cause why this action should not be dismissed put Plaintiff on notice that the Court would dismiss this action for failure to prosecute unless Plaintiff responded, filed a cross-motion, or otherwise opposed Defendant's motion.

*Third*, "while the prejudice to defendant and the burden on the Court are currently minimal, [P]laintiff's delay 'lean[s] in the direction of dismissal' even if 'only slightly.'" *Rozell v. Berryhill*, 2019 WL 1320514, at *2 (S.D.N.Y. Mar. 25, 2019) (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001)); *see also Lomack v. Comm'r of Soc. Sec.*, 2019 WL 132741, at *2 (W.D.N.Y. Jan. 8, 2019) ("The Commissioner has an interest in the timely resolution of this case, as the Social Security Administration is significantly overburdened with applications and appeals."). Moreover, Plaintiff has failed repeatedly to respond to Court orders or otherwise indicate that he intends to prosecute his case.

*Fourth*, "although the Court recognizes Plaintiff's interest in receiving a fair chance to be heard, it must also consider the heavy demands of its docket, especially in the Social Security context." *Lomack*, 2019 WL 132741, at *2. This action is over two years old and Plaintiff has yet to participate in the Court-ordered briefing, or comply with any

4

Court orders.  Defendant has moved for judgment on the pleadings, and the motion is ready for the Court's ruling, albeit without Plaintiff's response.

*Finally*, no lesser sanction will be effective in moving this action forward.  "Given [P]laintiff's *in forma pauperis* status, '[m]onetary sanctions cannot be relied on because the plaintiff is indigent.'"  *Zuzick v. Comm'r of Soc. Sec.*, 2019 WL 5086689, at *2 (D. Conn. Oct. 10, 2019) (quoting *Bhatia v. Pitney Bowes, Inc.*, 2006 WL 2661143, at *1 (D. Conn. Sept. 14, 2006)).

Accordingly, the case is hereby DISMISSED for failure to prosecute and comply with Court orders.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully requested to enter judgment in favor of Defendant, mail a copy of this Order and the judgment to *pro se* Plaintiff, note service on the docket, and close the case.

**SO ORDERED.**

Dated:   Brooklyn, New York
         May 11, 2020

                                        /s/
                                Hon. Kiyo A. Matsumoto
                                United States District Judge